**KIM, CHO & LIM, LLC**
Joshua S. Lim, Esq.
Seokchan Kwak, Esq.
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
joshualim@kcllawfirm.com
seankwak@kcllawfirm.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MISA CHOI, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>LG ELECTRONICS U.S.A., INC., JOOWAN CHO, and JOHN/JANE DOES 1-100,<br><br>Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FRCP 23** |

Plaintiff, MISA CHOI ("Choi" or "Plaintiff"), by and through her attorneys, Kim, Cho & Lim, LLC, complaining of Defendants, LG ELECTRONICS U.S.A., INC. ("LGEUS"), JOOWAN CHO ("Cho"), and JOHN/JANE DOES 1-100 (collectively, "Defendants"), avers as follows:

**NATURE OF THE ACTION**

1.	Plaintiff Choi – a non-exempt employee – initiates this action to recover unpaid overtime wages while in the employ of Defendants pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.* ("NJLL") and their supporting rules and regulations.

2. Plaintiff brings this lawsuit as an individual and as a representative of a putative FLSA collective class and FRCP Rule 23 class (collectively, "Class") whose members are similarly situated as Plaintiff under employment with Defendants.

## PARTIES

3. Plaintiff is an individual residing in Palisades Park, New Jersey and was employed by Defendants as an entry-level associate in the Defendants' accounts receivable ("A/R") department in 2007. Since her employment, she was promoted to an assistant manager in 2010, then to a manager in March 2016. Plaintiff is currently employed with Defendants as a manager in the A/R department.

4. Throughout her employment with Defendants, Plaintiff and other similarly situated employees paid on salary basis, including but not limited to assistant managers and managers, were subjected to a similar pattern of Defendants' illegal employment practices.

5. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedures.

6. LGEUS is a legal entity registered to conduct business in the State of New Jersey as a foreign profit corporation with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LGEUS also holds its office in an adjacent building at 910 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

7. LGEUS is part of the LG family of corporations, which is headed by LG Electronics, a Korean multinational corporation with its principal offices located in Seoul, South Korea.

8. LGEUS regularly engages in, and at all relevant times engaged in, interstate commerce in the course of conducting its business.

9. LGEUS had annual gross volume of sales of $500,000 or more (exclusive of excise taxes, if any) for each year during the times relevant to this action.

10. Defendant Cho is an individual holding the title of the president of LGEUS. At all times relevant to this action, Cho held the right and power to hire and fire, set the work schedules of, and determined the pay rates of, all employees of LGEUS including Plaintiff.

11. At all relevant times, Defendant Cho held the right and power to determine and establish all employment practices of LGEUS.

12. Defendants John/Jane Does 1-100 are fictitious names for individuals who are owners, officers, employees, and/or agents of LGEUS, who also possessed operational control over, and/or an ownership interest in LGEUS and/or who possessed the power to hire and fire, determine wages and compensation paid to, and the working schedules and conditions of, the employees of LGEUS during the period from three (3) years immediately preceding the filing of this action through the present day.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce), and 28 U.S.C. § 1331 (federal question).

14. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

**DEFENDANTS WERE PLAINTIFF'S EMPLOYERS**

16. During Plaintiff's employment with LGEUS, LGEUS had gross annual revenue of $500,000 or greater.

17. During Plaintiff's employment with Defendants, LGEUS was engaged in commerce or in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203(s).

18. LGEUS was Plaintiff and the Class's employers within the meaning of the FLSA and the NJLL.

19. All individual Defendants were persons acting directly or indirectly in the interest of LGEUS in relation to Plaintiff and/or the Class's employment with Defendant LGEUS.

DEFENDANT LGEUS

20. At all relevant times, LGEUS had, and still has, the power to hire and fire Plaintiff and the Class.

21. At all relevant times, LGEUS had, and still has, the power to set wages of Plaintiff and the Class.

22. At all relevant times, LGEUS had, and still has, the power to control the work schedules and/or conditions of employment of Plaintiff and the Class.

23. The checks for the payment of wages to Plaintiff and the Class are issued under LGEUS's name.

DEFENDANT JOOWAN CHO

24. At all relevant times, Defendant Cho had, and still has, the power to hire and fire Plaintiff and the Class.

25. At all relevant times, Defendant Cho had, and still has, the power to set wages of Plaintiff and the Class.

26. At all relevant times, Defendant Cho had, and still has, the power to control the work schedules and/or conditions of employment of Plaintiff and the Class.

27. At all relevant times, Defendant Cho had, and still has, the operational control over LGEUS and had the power to determine and establish the employment practices of Defendant LGEUS.

28. At all relevant times, Defendant Cho was, and is, together with LGEUS, a joint employer of Plaintiff and the Class.

## DEFENDANTS JOHN/JANE DOES 1-100

29. At all relevant times, Defendants John/Jane Does 1-100 had, and/or still have, the power to hire and fire Plaintiff or in the alternative, their opinion was given weight in LGEUS's exercise of such power.

30. At all relevant times, Defendants John/Jane Does 1-100 had, and/or still have, the power to set wages of the Class or in the alternative, their opinion was given weight in LGEUS's exercise of such power.

31. At all relevant times, Defendants John/Jane Does 1-100 had, and/or still have, the power to control the work schedules and/or conditions of employment of the Class or in the alternative, their opinion was given weight in LGEUS's exercise of such power.

32. At all relevant times, Defendants John/Jane Does 1-100 did, and/or still do, serve as the Class's direct supervisors and oversee the day-to-day performance of the Class's duties under employment with Defendant LGEUS.

## **DEFENDANTS' EMPLOYMENT PRACTICES**

33. LGEUS is a subsidiary of a large, internationally recognized Korea-based parent corporation, LG Electronics, which maintains several offices internationally.

34. Commensurate with its size and fame as the leading manufacturer of electronics, LGEUS's corporate structure comprises of several departments and/or divisions, including a legal department.

35. As such, LGEUS was apprised of laws and regulations applicable to them, including applicable federal and state employment laws, on a regular basis.

36. Upon information and belief, prior to or during Plaintiff and the Class's employment with LGEUS, LGEUS's legal department performed extensive research into the employment laws applicable to them, including the FLSA and the NJLL.

37. As such, prior to or during Plaintiff and the Class's employment with LGEUS, LGEUS was thoroughly familiar with overtime payment requirements as well as the strict limitations on deeming an employee "exempt" from overtime compensation.

38. Notwithstanding, LGEUS fraudulently "classified" its employees, including Plaintiff and Class members, as "exempt" employees, for the purpose of withholding overtime premium payments.

39. To accomplish this and create an appearance of compliance, LGEUS engaged in a practice of engaging in "paper promotions" of entry-level associates to purported "assistant managers" without modifying such employees' responsibilities, authorities, or tasks assigned to them.

40. Even when LGEUS's employees were "promoted" to "managers," no meaningful change in their responsibilities, authorities, or tasks followed.

41. Further, all salaried employees were directed *not* to record the number of hours they worked, for example, by "punching-in" and "punching-out," notwithstanding LGEUS's ability to keep track of their employees' work hours, illustrated by the fact that LGEUS keeps track of all of

its hourly employees. In directing its salaried employees so, LGEUS effectively prevented recordkeeping of their overtime hours.

42. Such deceitful practice led LGEUS's employees to mistakenly believe that they held "managerial" roles and therefore were exempt from, and not entitled to, overtime premiums for the hours they worked.

43. The "paper promotions" are designed to create an "appearance of hierarchy" among LGEUS's employees and to re-produce the culture prevalent in corporations in Korea.

44. By way of establishing written or unwritten company policies, LGEUS sought to create an environment assimilating those of an ordinary corporation existing in South Korea where there exist no laws against discrimination comparable to those of the United States or New Jersey.

45. Under such work environment, employees holding actual supervisory positions were often unrestrained from making comments that were derogatory, demeaning, sexist and otherwise discriminatory in nature, thereby creating a hostile work environment for those in non-actual managerial positions.

46. For instance, Plaintiff's supervisors would demand that Plaintiff serve their lunch. On other occasions, Plaintiff's supervisors commented that she is expected to perform certain tasks just because she is woman.

47. The aforementioned unlawful and deceiving practice of LGEUS with regard to the non-payment of overtime was established by the "true" management level, such as president and vice presidents, with the help of its legal department.

48. As such, the above-described practice was pervasive throughout all departments and/or divisions of LGEUS.

49. Defendants' establishment of the aforementioned policies and practice indicate LGEUS's violations of applicable overtime laws were purely willful.

50. Accordingly, the members of the Class were uniformly subject to the aforesaid employment practices of LGEUS to which Plaintiff also was subject.

### THE TERMS OF PLAINTIFF'S EMPLOYMENT

51. Plaintiff was hired on or about 2007 and continued to be employed until present.

52. Plaintiff is currently on a disability leave due to stresses caused by the unlawful acts of Defendants as alleged herein.

53. During Plaintiff's employment, Plaintiff was hired to work in the A/R department, but with duties including those relating to accounts receivable and accounts payable, such as collecting money from and/or paying to other entities conducting business with Defendant LGEUS or processing claims relating thereto.

54. Plaintiff held the titles of an assistant manager and a manager at different times, but was never afforded any authority to hire or fire other employees.

55. At all relevant times, Plaintiff's suggestions or recommendations as to the hiring, firing, or promotion or any status change of other employees were never given any weight.

56. LGEUS's organization chart created an appearance whereby the purported "managers" directed the work of their subordinate employees, including assistant managers and entry-level employees.

57. However, managers held no actual authority over assistant managers or entry level employees. Rather, the managers, assistant managers, and entry level employees all reported directly to the senior manager and/or vice president who held actual supervisory authority.

58. At all relevant times, Plaintiff did not have any authority to direct the work of any other employees.

59. At all relevant times, Plaintiff was to abide by specific standard procedures set forth by her supervisors in performing her tasks.

60. At all relevant times, Plaintiff was not allowed to exercise discretion and/or independent judgment in performing her tasks; rather, she was under immediate supervision by her supervisors.

61. Plaintiff began her employment with Defendants as an entry-level associate and was paid on an hourly basis.

62. In 2010, Plaintiff was promoted to a purported title of an "assistant manager" and was converted to a salaried employee

63. As is the case with all other salaried employees of LGEUS, Plaintiff was deprived of any payment for overtime premium.

64. Plaintiff continued to be deprived of any payment for overtime premium after Plaintiff was promoted to a purported title of a "manager."

65. Currently, Plaintiff holds the title of a manager and is compensated on a salary basis at the rate of $ 78,000.00 per year.

66. At all relevant times, Plaintiff was scheduled to work from 8 AM through 5 PM, from Monday through Friday, with one (1) hour of lunch break.

67. At all relevant times, Plaintiff understood her salary to cover the regular hours worked by her, up to forty (40) hours per week.

68. Defendant did not notify, nor did Plaintiff agree, that Plaintiff's salary will be compensated for any work hours in excess of forty (40) hours per week.

69.     Plaintiff actually worked, at the demand of Defendants, 8 AM to 8:30 PM from Monday through Friday, with one (1) hour of lunch break. Plaintiff took no other breaks.

70.     Plaintiff was often required to work approximately four (4) hours on the weekends once a month or as demanded.

71.     In total, Defendants caused Plaintiff to suffer to work for Defendants, on average, fifty-eight and a half (58.5) hours per week, or sixteen (18.5) overtime hours.

## FLSA § 216 (b) COLLECTIVE ACTION CLAIMS

72.     Plaintiff brings claims for relief as a collective action pursuant to FLSA § 216(b) on behalf of all non-exempt salaried employees of Defendants who were caused by Defendants to suffer to work at Defendants' corporate office located at 910 and 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 or other corporate offices maintained by Defendants for the operation of its business in the United States, on or after the date that is three years before the filing of this Complaint ("FLSA Collective Class").

73.     At all relevant times, Defendants' employment practices, specifically those relating to the non-payment of overtime premium, to which Plaintiff was subject, was a corporation-wide practice to which the Class was also subject.

74.     At all relevant times, Plaintiff and the FLSA Collective class are and have been similarly situated, are and have been subject to substantially similar practice in payment of wages, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium for hours worked in excess of forty (40) hours in a given workweek.

75.     Plaintiff and the Class were together the victims of a single corporate decision or policy to willfully failure to pay any overtime premium to their salaries employees.

76. The members of the Class – non-exempt individuals employed by LGEUS on a salary basis – were subject to Defendants' practice of withholding payment for overtime premium.

77. The members of the Class were similarly situated as Plaintiff was.

78. The claims of Plaintiff stated herein are essentially identical to those of other FLSA Collective Class.

### FEDERAL RULES OF CIVIL PROCEDURE RULE 23 CLASS ACTION

79. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure Rule 23 on behalf of all non-exempt salaried employees of Defendants who were caused by Defendants to suffer to work at Defendants' corporate office located at 910 and 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 or other corporate offices maintained by Defendants for the operation of its business in the United States, on or after the date that is three years before the filing of this Complaint ("Rule 23 Class").

80. The number, identity, and last known contact information of the members of the Rule 23 Class are readily ascertainable and determinable from the records of Defendants.

81. The hours assigned to, hours actually worked by, position or title held by, basis for payment to, and the rates of pay to each member of the Rules 23 Class are also determinable from Defendants' records.

82. There are numerous members of the Rule 23 Class, that a joinder of all members is impracticable, and the disposition of their claims as a class action is in favor of judicial efficiency than to litigate each individual case separately. The number of the members of the Rule 23 Class are in the hundreds. The adjudication of individual claims would result in a great expenditure of the judicial and public resources.

83. Plaintiff's claims for non-payment of overtime premium brought against Defendants herein are typical of those claims which could be alleged by any member of the Rule 23 Class.

84. The remedies sought by Plaintiff against Defendants herein are typical of those claims which could be sought by any member of the Rule 23 Class.

85. The defenses which Defendants may assert against Plaintiff are typical of those which Defendants may assert against any member of the Rule 23 Class.

86. All members of the Rule 23 Class were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime premium. The uniform corporate practice permeating throughout Defendants' business applied to Plaintiff and all members of the Rule 23 Class and as such, there are common question of law and facts relating to Plaintiff's and the Rule 23 Class's claims for non-payment of overtime premium predominate over any questions affecting only individual members.

87. The common question of law and facts include whether Defendants are employers or joint employers of Plaintiff and the Rule 23 Class; whether there were corporate policies relating to the calculation and payment of overtime wages; whether Plaintiff and the Rule 23 Class were exempt or non-exempt from overtime compensation; and whether Defendants acted willfully with respect to their violation of the FLSA and the NJLL.

88. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class. Plaintiff is represented by attorneys who are experienced and competent in the field of employment law and therefore are capable of providing adequate representation of all the members of the Class.

89. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, specifically in the context of the wage and hour litigation, where individual

employees lack the financial resources to vigorously prosecute a lawsuit and/or are in fear of retaliation by a large multi-national employer with respect to their current and/or future employment. A class action provides a degree of anonymity which allows for the vindication of the rights and significantly reduces these risks of retaliation or other adverse action by the employer.

90. The prosecution of separate actions by hundreds of members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Rule 23 Class which would establish incompatible standards of conduct for the party in opposing the class or, in the alternative, create a risk of adjudications with respect to individual members of the Rule 23 Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest.

91. This Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**FIRST CAUSE OF ACTION**
FLSA: UNPAID OVERTIME PREMIUM

92. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

93. During Plaintiff and the Class's employment with Defendants, Defendants maintained a gross annual revenue of $500,000.

94. During Plaintiff and the Class's employment with Defendants, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq.*

95. Defendants were Plaintiff and the Class's employer within the meaning of 29 U.S.C. § 203(d).

96. Defendants had the power to hire and fire Plaintiff and the Class, controlled the terms and conditions of their employment, and determined the rate and method of compensation in exchange for their employment with Defendants.

97. During Plaintiff and the Class's employment with Defendants, all Defendants were joint employers of Plaintiff and the Class as defined under 29 U.S.C. §§ 201, *et seq.*

98. During Plaintiff and the Class's employment with Defendants, Defendants failed to pay Plaintiff and the Class the required overtime premium at a rate not less than one and one-half (1 1/2) times the regular rate as required under 29. U.S.C. § 207(a)(1).

99. Plaintiff and the Class were not exempt employees within the meaning of 29 U.S.C. 213.

100. Defendants' failure to pay overtime premium to Plaintiff and the Class was a willful violation of the Fair Labor Standards Act, within the meaning of 29 U.S.C. § 255(a).

101. As a result of Defendants' failure to pay, Plaintiff and the Class suffered damages in an amount to be determined at trial and are entitled to collect unpaid wages, liquidated damages in an amount equal to their unpaid wages, as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION
NJLL: UNPAID OVERTIME PREMIUM

102. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

103. At all relevant times, Defendants were Plaintiff and the Class's employers within the meaning of NJLL, N.J.S.A. §§ 34:11-4.1, *et seq.* and 34:11-56a1, *et seq.*

104. Defendants had the power to hire and fire Plaintiff and the Class, controlled the terms and conditions of their employment, and determined the rate and method of compensation in exchange for their employment with Defendants.

105. Plaintiff and the Class were not exempt employees within the meaning of N.J.S.A. § 34:11-56a4 or N.J.A.C. § 12:56-7.1.

106. Defendants intentionally and willfully failed to pay Plaintiff and the Class overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for each and every hour worked in excess of forty (40) hours in a week, in violation of the NJLL.

107. As a result, Plaintiff and the Class suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court enter judgment against Defendants as follows:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them to promptly file consents to be FLSA class members in the FLSA claims in this action;

B. Certifying this action as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure.

C. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the Class;

D. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the Class;

E. Awarding Plaintiff and the Class damages for the amount of unpaid overtime wages, under the FLSA;

F. Awarding Plaintiff and the FLSA Class liquidated damages in an amount equal to 100% of their damages for unpaid overtime wages under the FLSA;

G. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NJLL as to Plaintiff;

H. Declaring that Defendants' violations of the NJLL were willful as to Plaintiff;

I. Awarding Plaintiff damages for the amount of unpaid wages under the NJLL;

J. Awarding Plaintiff and the Class pre-judgment and post-judgement interest;

K. Awarding Plaintiff and the Class the expenses incurred in this action, including costs and attorney's fees; and

L. Awarding such other and further relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Palisades Park, NJ
      May 7, 2019

Respectfully submitted,

By: _____
**KIM, CHO & LIM, LLC**
Joshua S. Lim, Esq.
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*